# BANCO COMERCIAL DE PUERTO RICO, Complainant,

*v.*

# COMPAÑIA AZUCARERA DE LA CAROLINA, JOSÉ D. RIVERA, AND MANUEL V. DOMENECH, as Receivers for the Compañia Azucarera de la Carolina, Dfts.

## SOBRINOS DE ʾEZQUIAGA, Interveners.

Equity, No. 1022.

### ANCILLARY FORECLOSURE.

Equity—Pleading.

    1. A bill must contain sufficient allegation directly or by reference to make out a complete case.

Bankruptcy Court—Diverse Citizenship.

    2. Where the litigation concerns property in custodia legis it makes no difference whether the parties interested are residents or nonresidents. The custody of the res draws to it all controversy connected with the res.

Bankruptcy—Foreclosure before Adjudication.

    3. Where property is in the custody of the bankruptcy court by receivership before adjudication the bondholders may be permitted by the court to foreclose their mortgage.

Equity—Double Receivership.

    4. Except in special cases the court will not grant a second receivership where property is already in its custody by receivers.

Opinion filed April 25, 1919.

*Mr. C. Coll Cuchi* for defendants.

*Messrs. J. H. Brown* and *A. Sarmiento* for complainants.

Banco Comercial v. Compañia Azucarera De La Carolina.

*Mr. F. H. Dexter* for interveners.

HAMILTON, Judge, delivered the following opinion:

The property of the defendant being in the custody of this court, under an application by creditors for an adjudication of bankruptcy, the plaintiff herein, trustee under a mortgage given by the defendants, obtains leave to file a bill to foreclose the mortgage. There is also an intervening creditor, who files a motion to dismiss the bill for lack of jurisdiction, alleging that both plaintiff and the principal defendant are Porto Rican corporations. The case has been submitted on this motion.

1. How far such a bill may be entertained depends in part upon its allegations. Each suit must contain enough directly, or by reference, to make out a complete case. In the case at bar this would seem to have been done. The bill not only seeks to foreclose the mortgage, but shows that the property covered by the mortgage is in custody of this court by its receivers pending adjudication of the issue of bankruptcy. The case is not merely one of foreclosure, but contains enough allegations to show that it concerns properties in bankruptcy.

2. The point relied upon in the motion is that there is no diverse citizenship between the parties, both plaintiff and defendants being Porto Ricans, while this court has original jurisdiction only where one side is not domiciled in Porto Rico. This, however, is not an original bill. Its allegations show that the property which would be sold upon foreclosure, if granted, is in custodia legis. There is no question that when a court, and a fortiori a court of bankruptcy, takes charge of property, no one can take any steps affecting the title or ownership thereof

Banco Comercial v. Compañia Azucarera De La Carolina.

without permission of the court. In the case at bar, for instance, it was necessary for the plaintiff to get permission to file his bill. This being so, it would be idle to ask diversity of citizenship. It is just as much a contempt for anyone domiciled in Porto Rico to interfere with the custody of this court as for a foreigner to do so. Indeed, if there is any distinction, it might be worse for someone on the spot to act rather than a casual stranger. At all events the rule is settled that when it comes to ancillary proceedings, citizenship or residence is immaterial. The custody of the res draws to it all controversy connected with the res. And it is not necessary, provided permission be had, that the controversy be conducted by petition in the main suit, unless the controversy is directly connected with the main issue. That is not the case here. Bankruptcy administration may go on quite apart from the foreclosure of the mortgage in question. Foster, Fed. Pr. 5th ed. §§ 51 and 55. The jurisdiction of a court of bankruptcy is exclusive of all other courts so far as questions as to the possession or administration of the property in custodia legis are concerned. Loveland, Bankr. § 31.

3. The case at bar is very unusual in that receivership and now even foreclosure come up between the petition in bankruptcy and the adjudication. It is quite possible that the defendant may not be declared bankrupt. Indeed the defendant has taken steps to raise the issue of insolvency vel non. The defendant has had this issue postponed from month to month and does not seem disposed to press it during the grinding of the present crop of sugar. The fact seems to be that the receivers of this court are managing the crop and manufacture of the sugar better than the defendant itself had been doing.

And the defendant is therefore quite willing to have this state of affairs continued.

However, this situation may or may not be satisfactory to the bondholders. It may well be that the trustee does not care to have the situation thus prolonged. Certainly upon default the trustee has the right to proceed immediately without waiting for any proceeding in bankruptcy or otherwise, provided, of course, he obtains permission from the proper court. There is no doubt, therefore, of the trustee's right to file this bill for foreclosure. What would be the outcome if the issue of insolvency were decided in favor of the defendant, it would be premature to discuss. Attention may be called, however, to the fact that as a general rule jurisdiction and other rights of suitors depend upon the facts existing at the time of filing of suit. All subsequent proceedings relate back to the condition of affairs at that time.

4. The bill properly contains a prayer for the appointment of receivers. It may be well to say in passing that this would be granted, if at all, only at the final hearing, unless special application and proceedings were had during the progress of the case. In other words, this court is not going to appoint one set of receivers in the main case and another set of receivers in an ancillary proceeding, unless there is some overwhelming reason, which does not now appear. If there were need for a second appointment it would probably be of those who are already in charge. There is so far no such application.

It follows that the motion to dismiss must be denied.

It is so ordered.